**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **SIMA PROPERTIES, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:16-cv-163-WKW-PWG** |
| | ) | |
| **JOHN COOPER, in his official** | ) | |
| **capacity as Director of the** | ) | |
| **Alabama Department of** | ) | |
| **Transportation,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

On February 12, 2016, Plaintiff Sima Properties, L.L.C., filed a civil complaint in the Circuit Court of Montgomery County, Alabama. (Doc. 1-3). Plaintiff, an Alabama corporation, sues: (1) John Cooper, the Director of the Alabama Department of Transportation; and (2) the City of Prattville, Alabama ("City of Prattville"). (Doc. 1-3 at p. 1). The complaint alleges both state and federal claims against the Defendants under the following three counts: (1) federal takings claim in violation of the Fourteenth Amendment's due process clause (Count I); (2) state law inverse condemnation claim "in assumpsit and tort" (Count II); and (3) confiscation of Plaintiff's property in violation of state and federal law (Count III). (Doc. 1-3 at pp. 2-4).

On March 14, 2016, City of Prattville removed the dispute to the United States District Court for the Middle District of Alabama, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. 1).  On March 26, 2016, within the 30-day requirement of 28 U.S.C. § 1447(c), Plaintiff filed a motion to remand this case to the Circuit Court of Montgomery County.  (Doc. 5).  Each defendant has tendered a response to the motion to remand.  (Docs. 6 and 16).

The matter is before the undersigned pursuant to the order of reference dated May 16, 2016.  (Doc. 13).  *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).  The motion to remand is taken under submission on the record and without oral argument.  For the reasons discussed below, the motion to remand (Doc. 5) is due to be granted and this cause remanded to the Circuit Court of Montgomery County, Alabama.

## I.   BACKGROUND

### A.   PLAINTIFF'S COMPLAINT AND CITY OF PRATTVILLE'S NOTICE OF REMOVAL

Plaintiff is the owner of a BP Gas Station located at he corner of Alabama Highway 14 and Old Farm Lane in Autauga County, Alabama.  (Doc. 1-1 at ¶ 1). Plaintiff alleges that, in November of 2014, the Defendants "altered the construction

of said Highway 14 by creating another road and an intersection in close proximity to Plaintiff's access way onto said Highway 14 and closed Plaintiff's direct access to Alabama Highway 14 thereby terminating Plaintiff's easement rights and right of access." (Doc. 1-3 at ¶ 5).

In Count I, Plaintiff asserts that the Defendants' actions have diminished the value of Plaintiff's property and effectively have taken the property without due process of law. (Doc. 1-3 at ¶ 5). According to Plaintiff, the Defendants have not instituted a condemnation proceeding against Plaintiff and have both "taken Plaintiff's property without just compensation" and "deprived the Plaintiff of its property without due process of law." (Doc. 1-3 at ¶¶ 8-12).

In Count II, Plaintiff asserts that it "brings this inverse condemnation action in assumpsit and tort." (Doc. 1-3 at ¶ 15). Lastly, in Count III, Plaintiff asserts that the "Defendants have confiscated the property of the Plaintiff in violation of the law of the State of Alabama and the U.S. Constitution." (Doc. 1-3 at ¶ 17). Plaintiff alleges in Count III that the Defendants have acted fraudulently and in bad faith while exercising "control and illegal dominion over property rights of the Plaintiff in violation of state and federal law." (Doc. 1-3 at ¶¶ 18-19).

City of Prattville removed Plaintiff's complaint to this court on the basis that the complaint's causes of action present a federal question. (Doc. 1 at p. 1). Citing

Counts I and III of the complaint, City of Prattville asserts that the complaint alleges

a violation of the Fourteenth Amendment.  (Doc. 1 at p. 2).

### B.      Plaintiff's Motion to Remand

Plaintiff states in its motion to remand that, "[a]s alleged in the Complaint, [it]

is seeking to use the inverse condemnation law provided by the State of Alabama to

obtain just compensation for the taking of its property by the Defendants."  (Doc. 5

at p. 1).  Plaintiff states that the removal of its complaint is premature as the inverse

condemnation claim is not ripe for federal court review.  (Doc. 5 at p. 2).  Pursuant

to 28 U.S.C. § 1447(c), Plaintiff also seeks costs and attorney's fee incurred as a

result of having to respond to City of Prattville's Notice of Removal.  (Doc. 5 at p.

3).

City of Prattville acknowledges in its response that "Plaintiff's inverse

condemnation claim is not removable."  (Doc. 6 at p. 1).  This defendant, however,

contends that removal is based on Plaintiff's claim in Count III, which does not allege

inverse condemnation.  (Doc. 6 at pp. 1-2).  According to City of Prattville, "Count

III of the Complaint presents a federal question outside of inverse condemnation" in

that Plaintiff asserts violations of both state law and the U.S. Constitution.  (Doc. 6

at pp. 1-2).  City of Prattville further urges the court to deny Plaintiff's request for

costs and fees because City of Prattville has an objectively reasonable basis for removal.  (Doc. 6 at p. 2).

In his response to the motion to remand, Cooper agrees with Plaintiff that this action should be remanded back to state court.  (Doc. 16 at pp. 2-3).  Cooper also agrees with City of Prattville's argument that Plaintiff is not entitled to attorney's fees and costs incurred as a result of the removal.  (Doc. 16 at p. 3).

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410.  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

> Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a).  Where, as here, there is no diversity of citizenship, the defendant must show that federal question jurisdiction is present. *Id*. § 1441(b).  Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim "arises under" a federal law "is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citation omitted).  Thus, "the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available."  *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998).  However, if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," federal question jurisdiction may nevertheless attach to the state-law claim.  *Smith*, 236 F.3d at 1310.

*Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004).

A removing defendant must establish the propriety of removal under 28 U.S.C. §§ 1441, 1446 and, therefore, must demonstrate the existence of federal jurisdiction. *See*, *e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").  The procedural propriety of removal is often intertwined with the substantive question of the existence of subject matter

jurisdiction.  Because removal infringes upon state sovereignty and implicates central

concepts of federalism, removal statutes must be construed narrowly, with all

jurisdictional doubts being resolved in favor of remand to state court.  *Burns*, 31 F.3d

at 1095.

The Fifth Amendment's Just Compensation Clause, which applies to the states

via the Fourteenth Amendment's Due Process Clause, mandates that "private property

shall not be taken for public use without just compensation."  U.S. Const. amend V;

*Givens v. Ala. Dep't of Corrs.*, 381 F.3d 1064, 1066 (11th Cir. 2004).  In order for a

federal court to properly review a takings claim under the Fifth Amendment, a

plaintiff must establish "that the state law provides him no process for obtaining just

compensation (such as an action for inverse condemnation) or that the state law

appears to provide such process, but due to state court interpretation, the process is

inadequate."  *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1331 (11ᵗʰ Cir.

1999).  If a property owner cannot establish either allegation, then "if such a claim is

pending in federal district court, the district court must dismiss it for lack of subject

matter jurisdiction since the owner has failed to establish an Article III 'case or

controversy.'"  *Id.*

In Alabama, "when the State takes property without initiating a condemnation

action and without paying just compensation to the property owner, the property

owner has a cause of action for 'inverse condemnation,' by which he can recover just compensation for the taking." *State v. Armstrong*, 779 So. 2d 1211, 1214 (Ala. 2000). Plaintiff has an adequate remedy under state law with regard to its inverse condemnation claim which has yet to be exhausted. The parties agree that such a claim is not removable. Furthermore, Plaintiff must exhaust the appropriate state law processes before this court can address its federal takings claim in Count I as an Article III case or controversy. *See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (1985); *Madison v. Alabama Dept. of Transp.*, No. 2:06-cv-199-WKW, 2007 WL 1412403 at *2 (M.D. Ala. May 10, 2007). Because Count I is not ripe for adjudication, Plaintiff's federal takings claim in Count I is due to be remanded.

City of Prattville, nevertheless, seeks to base its removal on Plaintiff's claims in Count III. (Doc. 6 at pp. 1-2). In Count III, Plaintiff asserts that: (1) the "Defendants have confiscated the property of the Plaintiff in violation of the law of the State of Alabama and the U.S. Constitution; " and (2) the Defendants have acted fraudulently and in bad faith while exercising "control and illegal dominion over property rights of the Plaintiff in violation of state and federal law." (Doc. 1-3 at ¶¶ 17-19). According to the City of Prattville, "Count III of the Complaint presents a

federal question outside of inverse condemnation" in that Plaintiff asserts violations

of both state law and the U.S. Constitution.  (Doc. 6 at pp. 1-2).

Count III is far from a model of clarity as Plaintiff fails to identify a specific

constitutional amendment.  Since Plaintiff incorporates into Count III all allegations

relating to Count I, Plaintiff at best seeks to advance a separate due process claim

with respect to the Defendants' taking of his property.  To the extent that Plaintiff

asserts a substantive due process takings claim in Count III based on its rights as the

property's owner, such count alleges nothing more than or separate from the takings

claim brought in Count I.  *See Villas of Lake Jackson, Ltd. v. Leon County*, 121 F.3d

610, 612, 615 (11th Cir. 1997) (holding that "[t]here is no substantive due process

'takings' claim that would protect a specific property right not already protected by

the Takings Clause" and that such a substantive due process claim is subsumed by the

traditional takings claim).

Because Plaintiff's due process claim in Count III is subsumed by its takings

claim in Count I, it likewise is not ripe for adjudication for the same reason that

Count I was not ripe.  City of Prattville otherwise has offered no basis for the court

to have subject matter jurisdiction over this action.  Accordingly, this action is due

to be remanded to the Circuit Court of Montgomery County.

Pursuant to § 1447(c), Plaintiff also seeks costs and attorney's fee incurred as a result of having to respond to City of Prattville's Notice of Removal. (Doc. 5 at p. 3). The court has discretion under § 1447(c) to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Here, City of Prattville relied on a flawed but objectively reasonable basis for seeking removal to this Court. Accordingly, Plaintiff's request for attorney's fees and costs should be denied.

## III.    CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion to remand (Doc. 5) is due to be **GRANTED** and this cause be remanded to the Circuit Court of Montgomery County, Alabama, for lack of subject matter jurisdiction. The Defendants have not met their burden to show federal question jurisdiction. The Magistrate Judge further **RECOMMENDS** that Plaintiff's request for attorney's fees and costs under § 1447(c) is due to be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 23, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 9th day of June, 2016.

/s/ Paul W. Greene
United States Magistrate Judge